**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

JENNIFER A. STEPHENS, as Personal
Representative of the Estate of Charles
Eugene Becker and as Assignee of
Anchorage Homes LLC,

  *Plaintiff,*

v.

MID-CONTINENT CASUALTY
COMPANY,

  *Defendant.*
_____/

## COMPLAINT

  Jennifer A. Stephens, as Personal Representative of the Estate of Charles Eugene Becker
and as Assignee of Anchorage Homes, LLC ("Stephens"), sues Mid-Continent Casualty
Company, as follows:

### Nature of Action, Jurisdiction and Venue

  1.  This is an action seeking damages for breach of contract.

  2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as the
parties are diverse and the matter in controversy exceeds $75,000.00, exclusive of interest, costs,
and attorney's fees.

  3.  Venue is proper in this Court as the defendant does business in this district, the
Plaintiff resides in this district and all material events occurred in this district.

**The Parties**

4. Stephens is *sui juris* and a resident of Monroe County, Florida.

5. Mid-Continent is an Ohio corporation with its principal place of business in Tulsa, Oklahoma. Mid-Continent is licensed to conduct business in Florida and actively conducts the business of issuing insurance policies in Florida.

**General Allegations**

6. Factual Background: Jeffrey and Connie Kirkland owned a parcel of property in Monroe County, Florida where they desired to build a modular home.

7. The Kirklands entered into an agreement with Anchorage Homes, LCC wherein Anchorage Homes agreed to provide the modular home to the Kirklands.

8. Team Fritz, Inc. was the contractor retained to install the modular home.

9. Team Fritz, Inc. employed Charles Eugene Becker during the time it was installing the modular home.

10. On or about June 7, 2008, Becker was killed after a ladder he was climbing down while working on the installation of the modular home fell backwards.

11. The Underlying Lawsuit: On or about November 25, 2008 Stephens, as personal representative of the Estate of Charles Eugene Becker, filed a wrongful death lawsuit arising out Becker's death at Kirklands' property, alleging, in part, gross negligence against Anchorage Homes, LLC, Team Fritz, Inc., Jack Fritz, Jeffrey Kirkland and Connie Kirkland in the 16th Judicial Circuit in and for Monroe County, Florida, Case No. 08-CA-1945-K (the "Underlying Lawsuit").

2

12.    The Policy:  Mid-Continent provided insurance coverage to Anchorage Homes under commercial general liability policy number 711655, effective April 7, 2008 through April 7, 2009, with limits of liability of $1,000,000.00 (the "Policy").  A copy of the Policy is attached as Exhibit A.

13.    The Policy provides that Mid-Continent "will pay those sums that [Anchorage Homes] becomes legally obligated to pay as damages because of 'bodily injury' … if the 'bodily injury' is caused by an 'occurrence' that takes place in the 'coverage territory'."  *See* Ex. A. at Section I – Coverages.

14.    Anchorage Homes provided Mid-Continent with proper notice of the Underlying Lawsuit.

15.    Mid Continent assigned claim number 1900994 to Anchorage Homes' claim for coverage.

16.    Mid-Continent, however, denied coverage under the insuring terms of the Policy and refused to defend and indemnify Anchorage Homes in the Underlying Lawsuit.

17.    The Settlement Agreement:  On or about September 10, 2010, after Mid-Continent denied coverage to Anchorage Homes for the Underlying Lawsuit, Stephens and Anchorage Homes entered into a confidential settlement agreement in the Underlying Lawsuit for an amount in excess of the Policy limits.  A copy of the Settlement Agreement will be file under seal.

18.    Pursuant to the terms of the Settlement Agreement, Anchorage Homes assigned to Stephens, as Personal Representative of the Estate of Charles Eugene Becker, any and all right, title and interests Anchorage Homes has with respect to any claims, demands and causes of action of any kind whatsoever, except the right to be reimbursed its attorney's fees and costs

3

incurred in defending itself in the Underlying Lawsuit, against Mid-Continent arising out of Mid-Continent's denial of coverage for the Underlying Lawsuit.

19.     Stephens has engaged the undersigned counsel to represent her in this action, and has agreed to pay a reasonable fee for services rendered.

20.     All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

**Count I: Breach of Contract**

21.     Stephens realleges paragraphs 1 through 20 as though fully set forth herein.

22.     <u>Contract:</u>  The Policy issued to Anchorage Homes by Mid-Continent constitutes an enforceable contract under the laws of the State of Florida and was valid and in effect on the date of the accident.

23.     The Policy obligates Mid-Continent to perform certain duties, including the duty to defend and indemnify Anchorage Homes in the Underlying Lawsuit, because the Underlying Lawsuit is a covered claim for which no Policy exclusion applies.

24.     <u>Breach:</u>  Mid-Continent breached its duties under the terms of the Policy by refusing to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' to which [the Policy] applies."

25.     Mid-Continent also breached its duties under the terms of the Policy by refusing "to defend [Anchorage Homes] against any 'suit' seeking [covered] damages."

26.     <u>Damages:</u>  As a result of Mid-Continent's breach of its duties under the Policy as described above, Stephens has suffered and continues to suffer damages.

WHEREFORE, Jennifer A. Stephens, as Personal Representative of the Estate of Charles Eugene Becker and as Assignee of Anchorage Homes LLC, demands judgment against Mid-

4

Continent Casualty Company for damages, including, but not limited to, the amount of the settlement agreement, pre-and post-judgment interest, attorney's fees pursuant to Fla. Stat. §627.428, costs and any further relief this Court deems equitable, just and proper.

The policyholders demand trial by jury of all issues triable.

Dated this 8th day of December.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL  33131
(305) 577-3996
(305) 577 3558 *facsimile*


/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Randall S. Goldberg**
Florida Bar No. 881171
rgoldberg@vpl-law.com
*Attorneys for Plaintiff*